An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KENVIN MARLON ROBERTS,
Appellant,
vs.
DWIGHT NEVEN, WARDEN,
Respondent.

No. 64905

**FILED**

SEP 2 8 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK



## *ORDER OF AFFIRMANCE*

This is an appeal under NRAP 4(c) from a judgment of conviction, pursuant to a jury verdict, of attempted murder with the use of a deadly weapon, burglary with the use of a deadly weapon, attempted robbery with the use of a firearm, assault with a deadly weapon, and battery with the use of a deadly weapon causing substantial bodily harm. Second Judicial District Court, Washoe County; Lidia Stiglich, Judge. Appellant Kenvin Marlon Roberts raises four contentions on appeal.

First, Roberts contends that the district court erred in instructing the jury that the intent to kill "may be presumed or implied as an inference" from the defendant's use of a deadly weapon "upon the person of another at a vital part, [which] inflicts a mortal wound." We discern no plain error for three reasons. *See Green v. State*, 119 Nev. 542, 545, 80 P.3d 93, 94-95 (2003) (setting forth plain-error standard). First, the instruction was a correct statement of Nevada law. *See Sharma v. State*, 118 Nev. 648, 659, 56 P.3d 868, 874-75 (2002) (explaining that Nevada law acknowledge[s] that intent can rarely be proven by direct evidence of a defendant's state of mind, but instead is inferred by the jury from the individualized, external circumstances of the crime," such as the use of a deadly weapon). Second, the "mortal wound" language was

merely surplusage that, in light of the significant evidence that the victim did not succumb to his wounds, did not amount to plain error that prejudiced Roberts' substantial rights. Third, although the instruction permitted the jury to presume intent to kill from the use of a deadly weapon, it did not mandate that the jury do so. *See* NRS 47.230(2), (3) (providing that a "judge shall not direct the jury to find a presumed fact against the accused" but the judge may instruct "that the jury may regard the basic facts as sufficient evidence of the presumed fact"); see also *Ricci v. State*, 91 Nev. 373, 381, 536 P.2d 79, 83-84 (1975) (rejecting argument that similar instruction directed jury to find an intent or indicated that certain facts were established).

Second, Roberts argues that his conviction for battery with the use of a deadly weapon should be reversed because it is a lesser included offense of attempted murder. We have held, however, that the Legislature has authorized conviction and punishment for attempted murder and battery resulting in substantial bodily harm and that neither offense is a lesser included offense of the other.[1] *Jackson v. State*, 128 Nev. Adv. Op. 55, 291 P.3d 1274, 1279-82 (2012).

Third, Roberts argues that the jury failed to follow the jury instructions when it found him guilty of both attempted murder and

[1]The district court instructed the jury that battery with a deadly weapon is a lesser included offense of attempted murder. As the instruction misstated the law, we are not convinced that the instruction's omission of the "substantial bodily harm" aspect of the battery charge entitles appellant to any relief from the judgment of conviction. In particular, we note that "substantial bodily harm" was included in the instruction that set forth the elements of the battery charge and the parties apparently stipulated that the victim suffered substantial bodily harm.

battery with the use of a deadly weapon and that this evidences jury misconduct that warrants reversal of the judgment of conviction. *See Valdez v. State*, 124 Nev. 1172, 1186, 196 P.3d 465, 475 (2008) ("A jury's failure to follow a district court's instruction is intrinsic juror misconduct."). Because the relevant instruction did not clearly prohibit convictions for both offenses, we conclude that the district court did not abuse its discretion in concluding that the jury did not engage in misconduct. *See Valdez*, 124 Nev. at 1186, 196 P.3d at 475 (reviewing motion for mistrial based on juror misconduct for abuse of discretion).

Fourth, Roberts argues that the cumulative effect of errors denied him a fair trial. As we have found no errors, there is nothing to cumulate.

Having considered Roberts' contentions and concluded that they lack merit, we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Parraguirre


_____, J.                      _____, J.
Douglas                                         Cherry


cc:    Hon. Lidia Stiglich, District Judge
       Edward T. Reed
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk